IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTIE J. ALLEN**, | : | CIVIL ACTION NO. 1:07-CV-1720 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **WARDEN OF DAUPHIN COUNTY JAIL, MEDICAL SUPERVISOR AT DAUPHIN COUNTY JAIL, DOCTOR, and BLOCK OFFICERS**, | : | |
| Defendants | : | |

## MEMORANDUM

This is a civil rights matter in which plaintiff Artie Allen ("Allen") contends that defendants, who are officials at Dauphin County Prison ("DCP") in Harrisburg, Pennsylvania, violated his constitutional rights by failing to provide him with adequate medical care while he was incarcerated at DCP. Defendants have filed a motion to dismiss (Doc. 10) on the basis that the complaint fails to plead a cognizable constitutional claim. For the reasons that follow, the motion will be granted in part and denied in part.

I.      **Factual Background**[1]

On April 21, 2006, Allen was detained by employees of a grocery store in New Cumberland, Pennsylvania for alleged shoplifting. (Doc. 1 ¶ 1.) A physical altercation occurred between Allen and the store employees during which Allen sustained injuries to his face, abdomen, and extremities. (Id. ¶ 3.) He also suffered a herniated disc in his neck, and one of his teeth became dislodged. (Id.) Store employees summoned police, who arrested Allen. See Doc. 1 at 4 ¶¶ 1-2 in Allen v. Weis Markets, Inc., No. 1:07-CV-1516 (M.D. Pa.) [hereinafter "No. 1:07-CV-1516"].[2] Defendant was treated for his injuries and subsequently convicted of the shoplifting charge. See Docket at 1, 7, Commonwealth v. Allen, No. CP-21-CR-0001191-2006 (Pa. Ct. Com. Pl. Cumberland County).[3]

He arrived at DCP on May 5, 2007.[4] (Doc. 1 ¶ 1.) Upon arrival, Allen requested that the prison physician assign him to a bottom bunk because his

---

[1]In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint. See infra Part II. The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the parties' allegations.

[2]Allen has filed a separate action based upon the injuries sustained during this altercation, which he is pursuing in the case docketed at Civil Action No. 1:07-CV-1516.

[3]The court takes judicial notice of the state and federal court dockets associated with Allen's cases for purposes of the instant memorandum. See FED. R. EVID. 201(c); Cooper v. Pa. State Att'y Gen., No. 2:06cv1332, 2007 WL 2492726, at *2 (W.D. Pa. Aug. 30, 2007) (reiterating that a federal court may take judicial notice of court records and dockets).

[4]It is unclear whether Allen arrived at DCP to serve a sentence for the shoplifting charge or for an unrelated offense.

injuries prevented him from climbing into a top bunk. (Id. ¶ 5.) The physician denied the request, and prison officials allegedly assigned Allen to an over-populated cell block that was inadequately staffed by corrections officers. (Id. ¶ 5-7.) Allen renewed his request for a bottom bunk with the guards assigned to his block. (Id. ¶ 8.) His request was again denied, and the bunk to which he was assigned lacked safety railings to prevent him from falling. (Id. ¶ 8-9.)

Allen requested a grievance form from corrections officers, who refused the request and stated that they lacked a supply of blank forms. (Id. ¶ 10.) Allen then sought a medical grievance form, which corrections officers again denied. (Id.) They recommended that Allen sign up for an appointment to see the prison doctor to address his discomfort and request a change in bunk assignment. (Id.) Allen did so but never met with the physician because the prison was placed in lock-down status at the time of his appointment. (Id. ¶ 11.) Allen wrote to the warden, physician, and various prison staff regarding his medical situation but never received a response. (Id. ¶ 12.) His bunk assignment continued until May 16, 2007, after which he was placed on work-release status.[5] (Id. ¶ 13.)

Allen commenced the instant action pursuant to 42 U.S.C. § 1983 on September 21, 2007, alleging that defendants refused to assign him to a bottom bunk and failed to arrange for a physician appointment during the prison

---

[5]Allen's complaint implies that he was transferred to an alternate location on May 16, 2007, "when he was released to Work-Release in Harrisburg." (Doc. 1 ¶ 13.) The complaint does not state where Allen was sent, nor does it identify the type of work release program in which he participated.

lock-down. He asserts that these actions constitute deliberate indifference to his serious medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment. (Id. ¶¶ 15, 18.) He also alleges that defendants violated his due process rights by failing to provide grievance forms and to respond to his letters to the warden, physician, and staff.[6] (Id. ¶ 12.) Defendants have filed a motion to dismiss, contending that defendant's allegations are inadequate to raise a plausible right to relief. The parties have fully briefed these issues, and defendants' motion is now ripe for disposition.

## II.    **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts in the complaint, it "may also consider matters of

---

[6]Allen appears to assert a due process claim based upon the refusal to provide him with grievance forms and failure to respond to his complaints, and he challenges the sufficiency of the grievance system to address his complaints. Allen has not expressly cited the due process doctrine; however, the court is obligated to construe Allen's complaint liberally and to "apply the relevant law, regardless of whether the *pro se* litigant has identified it by name." Smith v. Johnson, 202 F. App'x 547, 549 (3d Cir. 2006). The court will therefore consider whether the grievance system resulted in a violation of Allen's due process rights.

public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules require the complaint to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Sershen v. Cholish, No. 3:07-CV-1011, 2007 WL 3146357, at *4 (M.D. Pa. Oct. 26, 2007) (quoting Erickson v. Pardus, --- U.S. ---, 127 S. Ct. 2197, 2200 (2007)).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007).  Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, --- U.S. at ---, 127 S. Ct. at 1969).  Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

**III.    Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a means to redress violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Id. Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To establish a claim under this section, the plaintiff must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law."[7] Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)). Allen alleges that defendants violated his right to be free from cruel and unusual punishment by failing to assign him to a bottom bunk and by neglecting to arrange a physician appointment for him during prison lock-down. He also advances a due process claim based on prison officials' refusal to provide him with grievance forms or to otherwise respond to his complaints.

---

[7] Defendants apparently concede for purposes of the instant motion that they were acting "under color of state law" at all times relevant hereto.

1. **Eighth Amendment Claim**

An Eight Amendment claim arising from a denial of medical care requires the plaintiff to allege that the defendant acted "with deliberate indifference to his or her serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104,(1976); Davis v. Collins, 230 F. App'x 172, 174 (3d Cir. 2007).  This standard imposes a twofold burden upon the plaintiff.  First, the plaintiff must objectively establish that the deprivation of medical care or the result thereof was sufficiently serious to implicate a constitutional violation.  Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the plaintiff must demonstrate that prison officials subjectively knew of the deprivation and "disregarded an excessive risk to the inmate's health or safety." Davis, 230 F. App'x at 174 (citing Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003)).  Claims of negligence or medical malpractice alone are insufficient to establish deliberate indifference.  See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004); Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  "'[M]ere disagreement as to the proper medical treatment' is also insufficient."  Spruill, 372 F.3d at 235 (quoting Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir.1987)) (alteration in original).  Further, an "inadvertent failure to provide adequate medical care" will not support liability.  Rouse, 182 F.3d at 197 (quoting Estelle, 429 U.S. at 105).  "'Deliberate indifference,' therefore, requires 'obduracy and wantonness,' which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk."  Id. (quoting Whitley v. Albers, 475 U.S. 312,

319 (1986)). For example, a defendant acts with deliberate indifference when the defendant "1) den[ies] reasonable requests for medical treatment, and the denial exposes the inmate to undue suffering or the threat of tangible residual injury, 2) delay[s] necessary medical treatment for nonmedical reasons, 3) erect[s] arbitrary and burdensome procedures that result in interminable delays and outright denials of care, or 4) prevent[s] an inmate from receiving recommended treatment for serious medical needs, or den[ies] access to a physician capable of evaluating the need for treatment." Cooleen v. Lamanna, 248 F. App'x 357, 360 (3d Cir. 2007).

In the case *sub judice*, Allen contends that defendants were deliberately indifferent to his serious medical needs because they failed to assign him to a lower bunk despite a variety of physical injuries, including a herniated disc in his neck. A herniated disc occurs when the gel-like cushions between vertebrae slip out of place, allowing two vertebrae to grate against one another. The symptoms of a herniated disc in the neck vary with the extent of the injury. If the disc does not make contact with a nerve, the patient may experience only a mild ache in the neck or back. These herniated discs often require minimal treatment and can be handled with periodic physical therapy or non-prescription pain medication. If, however, the disc places pressure on a nerve, severe pain may radiate down the arms and through the torso. A severe herniated disc can cause tingling, numbness,

muscle spasms, and weakness.  Serious conditions may require spinal surgery.[8]
Moreover, refusal of prison officials to assign an inmate with a herniated disc to a bottom bunk may constitute deliberate indifference if the inmate's condition is sufficiently serious.  See, e.g., Cooleen, 248 F. App'x at 360-61 (remanding plaintiff's Eighth Amendment claim for further consideration because defendant prison officials periodically denied plaintiff medical treatment for his herniated disc); Ascenzi v. Diaz, No. 3:CV-05-1656, 2007 WL 1031516, at *6 (M.D. Pa. Mar. 30, 2007) (concluding that prison officials were not deliberately indifferent to a plaintiff's herniated disc because they permitted him to meet with physicians, who wrote the plaintiff several prescriptions to ease his discomfort); Harvey v. Ridge, No. Civ. A. 04-1221, 2007 WL 674710, at *6 (D.N.J. Feb. 28, 2007) (holding that prison officials did not act with deliberate indifference to inmate's herniated disc condition because they assigned him to a lower bunk and placed him on a light-duty work assignment), aff'd Harvey v. Chertoff, 263 F. App'x 188 (3d Cir. 2008).

Allen's complaint does not describe the severity of his herniated disc, nor does it detail whether his other bodily injuries restricted his physical mobility.  He

---

[8] See U.S. NATIONAL LIBRARY OF MEDICINE & NAT'L INST. OF HEALTH, HERNIATED DISK, http://www.nlm.nih.gov/medlineplus/herniateddisk.html (July 14, 2008); MOUNT SINAI MED. CTR., DISEASES AND CONDITIONS: HERNIATED DISK, http://www.mountsinai.org/Other/Diseases/Herniated%20disk (Jan. 2008); AM. ASS'N OF NEUROLOGICAL SURGEONS, HERNIATED DISC, http://www.neurosurgerytoday.org/what/patient_e/herniated.asp (Sept. 2005).  Neither party has provided information regarding the severity of Allen's medical condition, and the court cites these medical resources solely for the purpose of illustrating that assessment of his condition is not possible based on the scant averments of the complaint.

also alleges that he repeatedly requested medical treatment and a bottom bunk assignment but received no response from prison officials. The complaint contains no explanation of the reasons underlying defendants' refusal to provide medical care, and defendants have not stated whether such treatment could have been provided during prison lock-down. In light of the fact-intensive nature of these issues, disposition of this matter is appropriately reserved for summary judgment. Through a motion for summary judgment, Allen may present evidence regarding his precise diagnosis, symptoms, what—if any—accommodation he received from defendants. It will also grant defendants occasion to explain fully the rationale underlying their actions. Accordingly, the motion to dismiss Allen's Eighth Amendment claim will be denied.

### 2. **Due Process Claims**

Allen also appears to assert a constitutional due process claim based upon defendants' refusal to furnish him with grievance forms upon request. He alleges that he twice requested grievance forms from prison guards, who twice refused his request. (Doc. 1 ¶ 10.) He then submitted grievances without the appropriate paperwork, and his concerns went unaddressed by the prison warden, physician, and staff. (Id. ¶ 12.) He alleges that these omissions failed to comport with minimum grievance procedure standards. (Id. ¶ 17.) Regardless of the veracity of these contentions, they do not establish a constitutional deprivation because "inmate grievance procedures in themselves do not confer a liberty interest protected by the Due Process Clause." Jackson v. Beard, No. Civ. A. 07-2164, 2008

WL 879923, at *7 (E.D. Pa. Mar. 31, 2008).  Prisoners have no constitutional right to a grievance process, and prison officials' refusal to provide grievance forms or to respond to inmate complaints does not constitute a due process violation.  See Stringer v. Bureau of Prisons, Fed. Agency, 145 F. App'x 751, 753 (3d Cir. 2005) (upholding dismissal of inmate's procedural due process claim based upon the denial of grievance forms); Thibodeau v. Watts, No. 1:CV-05-2505, 2006 WL 89213, *5 (M.D. Pa. Jan. 6, 2006) ("Because a prison grievance procedure does not confer any substantive constitutional right upon prison inmates, prison officials' failure to comply with the grievance procedure is not actionable.").  The motion to dismiss Allen's due process claim will therefore be granted.

**IV.   Conclusion**

The motion to dismiss will be denied with respect to Allen's Eighth Amendment claim to enable the parties to develop a more thorough factual record addressing this claim.  The motion will be granted with respect to the due process claim.

An appropriate order follows.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        September 29, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTIE J. ALLEN**, | : | CIVIL ACTION NO. 1:07-CV-1720 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN OF DAUPHIN COUNTY JAIL, MEDICAL SUPERVISOR AT DAUPHIN COUNTY JAIL, DOCTOR**, and **BLOCK OFFICERS**, | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 29th day of September, 2008, upon consideration of defendants' motion to dismiss (Doc. 10), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 10) is GRANTED in part and DENIED in part as follows:

    a. The motion is GRANTED with respect to plaintiff's due process claim.

    b. The motion is otherwise DENIED.

2. A pretrial schedule shall issue under separate order of court.


          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge