```
                UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


ARTIE J. ALLEN,                    :    CIVIL NO. 1:07-CV-01720
                                   :
        Plaintiff                  :    (Judge Conner)
                                   :
    v.                             :    (Magistrate Judge Smyser)
                                   :
WARDEN OF DAUPHIN COUNTY JAIL,     :
et al.,                            :
                                   :
        Defendants                 :
```

## **REPORT AND RECOMMENDATION**

The plaintiff commenced this 42 U.S.C. § 1983 action by filing a complaint on September 21, 2007. The plaintiff is proceeding *pro se.*

The defendants are: 1) Dominick DeRose (identified in the complaint as the Warden of the Dauphin County Jail); 2) Tom Toolan, LPN (identified in the complaint as the Medical Supervisor at the Dauphin County Jail); 3) Dr. Drue Wagner (identified in the complaint as a doctor that examined the plaintiff at the Dauphin County Jail); and 4) Block officers at the Dauphin County Jail.

By an Order dated September 24, 2007, the plaintiff's application to proceed *in forma pauperis* was granted and the

United States Marshal was directed to serve the complaint on the defendants.

On December 21, 2007, defendant DeRose filed an answer to the complaint. On October 6, 2008, defendant Wagner filed an answer to the complaint. On February 4, 2009, defendant Toolan filed an answer to the complaint.

Defendant Block Officers have not been served with the complaint.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign county under Rule 4(f) or 4(j)(1).

By an Order dated January 15, 2009, we indicated that more than fifteen months have passed since the filing of the complaint, that the plaintiff has not identified defendants

Block Officers sufficient for the Marshal to effect service on those defendants and that under such circumstances those defendants may be dismissed. We ordered the plaintiff to show cause, within twenty days, why defendants Block Officers should not be dismissed pursuant to Fed.R.Civ.P. 4(m). We indicated that, if the plaintiff does not show cause within twenty days, it will be recommended that defendants Block Officers be dismissed from this action.

On January 21, 2009, the plaintiff filed a response to the Order of January 15, 2009. In his response, the plaintiff asserted that defendant Block Officers should not be dismissed pursuant to Fed.R.Civ.P. 4(m) because he has not yet determined their identities. He asserted that he needs discovery to determine their identities. We construed the plaintiff's response as a request for an extension of time to complete discovery and to identify defendants Block Officers. By an Order dated February 9, 2009, we extended the discovery deadline to April 9, 2009 and we ordered that the plaintiff shall, on or before April 16, 2009, identify defendants Block Officers sufficiently for the United States Marshal to effect service on defendants Block Officers. We indicated that if the plaintiff does not identify defendants Block Officers on or

before April 16, 2009, it will be recommended that defendants Block Officers be dismissed from this action.

The plaintiff has not identified defendants Block Officers. However, on April 15, 2009, the plaintiff filed a document entitled "Dispositive Motion & Motion to Compel Discovery." In this document, the plaintiff states that, on March 31, 2009, he served the named defendants with a discovery request pertaining to the identities of the Block Officers.[1] He further states that the discovery he requested has not been provided. The plaintiff has not filed a brief in support of the motion he filed on April 15, 2009. By a separate order, pursuant to Local Rule 7.5, the motion was deemed withdrawn.[2]

---

1. The plaintiff attaches his discovery request to his motion. The discovery request is actually titled "Motion for Discovery, Pursuant to Rule 26(b), Fed.R.Civ.P." In his discovery request, the plaintiff requests the names and photos of the Block Officers who worked at the Dauphin County Jail on April 21, 2006. In the alternative, the plaintiff requests that the Warden of the Dauphin County Jail review the log book or records and provide the basic identities of the "requested Block Officers."

2. We note that even if the motion had not been withdrawn, the plaintiff's March 31, 2009 discovery request was untimely given that the Order of February 9, 2009 provided that all discovery shall be completed on or before April 9, 2009. A discovery request served on March 31, 2009 is not served in time for
(continued...)

4

Even after being given an extension of time to conduct discovery for the purpose of identifying defendants Block Officer, the plaintiff has not identified defendants Block Officers.

It is recommended that defendants Block Officers be dismissed from this action pursuant to Fed.R.Civ.P. 4(m). It is further recommended that the case be remanded to the undersigned for further proceedings.

                                    **/s/ J. Andrew Smyser**
                                    J. Andrew Smyser
                                    Magistrate Judge

Dated:  May 12, 2009.

---

2. (...continued)
discovery to be completed on or before April 9, 2009 given that, pursuant to Fed.R.Civ.P. 34, the defendants have thirty days to respond to such a request.