UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTIE J. ALLEN, | : | CIVIL NO. **1:07-CV-01720** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Smyser) |
| WARDEN OF DAUPHIN COUNTY JAIL, *et al.*, | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

I. Background and Procedural History.

The plaintiff commenced this 42 U.S.C. § 1983 action by filing a complaint on September 21, 2007. The plaintiff is proceeding *pro se.*

The defendants are: 1) Dominick DeRose, the Warden of the Dauphin County Prison; 2) Tom Toolan, LPN, the Medical Supervisor at the Dauphin County Prison; 3) Dr. Drue Wagner, a doctor that examined the plaintiff at the Dauphin County Prison; and 4) Block officers at the Dauphin County Prison.

The plaintiff claims that during his incarceration at the Dauphin County Prison the defendants violated his constitutional rights by failing to provide him with adequate medical care, by failing to provide him with a bottom bunk and by failing to provide him with grievance forms and to respond to his complaints. The complaint contains both Eighth Amendment claims and a due process claim.

On December 21, 2007, defendant DeRose filed an answer to the complaint.

By an Order dated September 29, 2008, the plaintiff's due process claim was dismissed.

On October 6, 2008, defendant Wagner filed an answer to the complaint, and, on February 4, 2009, defendant Toolan filed an answer to the complaint.

By an Order dated July 23, 2009, the claims against defendants Block Officers were dismissed.

The discovery period has closed. Currently pending are a motion for summary judgment filed by defendants Toolan and

Wagner and a motion for summary judgment filed by defendant DeRose.

II. Summary Judgment Standard.

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). With respect to an issue on which the nonmoving party bears the burden of proof, the moving party may discharge that burden by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must "set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2).

A material factual dispute is a dispute as to a factual issue the determination of which will affect the outcome of the trial under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

Summary judgment is not appropriate when there is a genuine dispute about a material fact. *Id.* at 248. A dispute as to an issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson, supra,* 477 U.S. at 249-50. In determining whether a genuine issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving

party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial. *Anderson, supra,* 477 U.S. at 249. The proper inquiry of the court in connection with a motion for summary judgement "is the threshold inquiry of determining whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex, supra*, 477 U.S. at 322. "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily

renders all other facts immaterial.'" *Anderson v. CONRAIL*, 297 F.3d 242, 247 (3d Cir. 2002)(quoting *Celotex, supra*, 477 U.S. at 323).

III. Material Facts.

The following facts are not in dispute for purposes of the pending motions for summary judgment.[1]

The plaintiff was incarcerated at the Dauphin County Prison from May 5, 2006 to May 16, 2006. *Doc. 35* at ¶2.

The plaintiff was seen by a health care provider during the intake process at the Dauphin County Prison in May of 2006. *Doc. 39* at ¶4. During this initial consultation, the plaintiff received and signed a Notification of Medical Services form which described the medical services available to the plaintiff and gave directions on how to obtain medical services. *Doc. 35*

---

1. Pursuant to Local Rule 56.1, the defendants filed statements of material facts not in dispute. The plaintiff, however, has not filed responses to the defendants' statements of material facts. Accordingly, pursuant to Local Rule 56.1, the properly supported material facts set forth in the defendants' statements of undisputed facts are deemed to be admitted by the plaintiff.

6

at ¶6.  The plaintiff was also provided a copy of the Dauphin County Prison Handbook during the intake process. *Doc. 39* at ¶9.

The plaintiff's primary concern when he arrived at the Dauphin County Prison in May of 2006 was his left shoulder. *Id.* at ¶5.[2]

On May 8, 2006, the plaintiff was evaluated by defendant Wagner. *Doc. 35* at ¶10.  At that time, the plaintiff did not make any claims related to a herniated disc or complain about his neck. *Id.* at ¶11.

The plaintiff was scheduled to see medical personnel on May 16, 2006 but was unable to do so because the prison was in lock down. *Id.* at ¶14.

---

2. In their statement of material facts, defendants Toolan and Wagner indicate that the plaintiff was prescribed Naprosyn for pain and penicillin for his broken teeth. *Doc. 35* at ¶¶ 7 & 8. The plaintiff, however, testified at his deposition that he received no medication. *Doc. 34* at 55, 59 & 62.  The defendants base their statement regarding medication on excerpts from the plaintiff's medical records, but the defendants have not authenticated those records or presented an affidavit or declaration from anyone interpreting those records. Accordingly, we do not accept as undisputed the defendants' assertion that the plaintiff was given medication.

7

IV. Discussion.

    A. Defendants Toolan and Wagner's Motion for Summary Judgment.

Defendants Toolan and Wagner contend that they are entitled to summary judgment because the plaintiff has not established that they were deliberately indifferent to his serious medical needs.  Defendant Toolan also contends that he is entitled to summary judgment because the plaintiff has failed to show that he was personally involved in denying medical care.

In order for the plaintiff to establish an Eighth Amendment medical claim he must establish that the defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976).

The concept of serious medical need has two components, one relating to the consequences of a failure to treat and the other relating to the obviousness of those consequences. *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir.

8

1991). The condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury or death. *Id*. Also, the condition must be one that has been diagnosed by a doctor as requiring treatment or one that is so obvious that a lay person would easily recognize the need for a doctor's attention. *Id*.

Mere medical malpractice does not give rise to a violation of the Eighth Amendment. *White v. Napoleon*, 897 F.2d 103, 108 (3d Cir. 1990). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990). The Third Circuit has "found 'deliberate indifference' in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). The Third Circuit has also "found 'deliberate indifference' to exist when the

9

prison official persists in a particular course of treatment 'in the face of resultant pain and risk of permanent injury.'" *Id*. (quoting *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990)). Prison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates. Courts will "disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment." *Little v. Lycoming County*, 912 F.Supp. 809, 815 (M.D.Pa. 1996)(quoting *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)). Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import. . . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation."); *White*, *supra,* 897 F.2d at 110 (mere disagreement over proper treatment does not state a claim upon which relief can be granted).

The plaintiff has not presented evidence from which a reasonable trier of fact could conclude that he suffered a serious medical need. The plaintiff alleges that he had a herniated disc in his neck. The plaintiff testified at his deposition that after he was released from the Dauphin County Prison to the work release program he went to the hospital where a doctor told him that his pain was probably coming from a herniated disc in his neck and that he should see a specialist. *Doc. 34* at 66, 67, 98 & 100. He testified the he never had an MRI or any kind of diagnostic testing to confirm that he has a herniated disc. *Id.* at 93. He also testified that he has not received any treatment for his disc, that he is not currently taking any pain medication and that he has not requested pain medication at his current place of incarceration. *Id.* at 93 & 94. The plaintiff has not presented evidence from which a reasonable trier of fact could conclude that he had a serious medical need.

Even assuming *arguendo* that he has presented evidence from which a reasonable trier of fact could conclude that he has a serious medical need, the plaintiff has not presented evidence from which a reasonable trier of fact could conclude that defendant Wagner was deliberately indifferent to that

11

need. During the period in question, the plaintiff was at the Dauphin County Prison only from May 5, 2006 to May 16, 2006, a total of twelve days. Given the short period of time that the plaintiff was at the prison and given that defendant Wagner did evaluate the plaintiff on May 8, 2006, a reasonable trier of fact could not conclude that Defendant Wagner was deliberately indifferent by not seeing the plaintiff a second time during the plaintiff's period of incarceration. Additionally, given the short period of time that the plaintiff was at the prison a reasonable trier of fact could not conclude that defendant Wagner was deliberately indifferent by not ordering that the plaintiff be provided a bottom bunk.[3]

Given that the plaintiff has failed to present evidence from which a reasonable trier of fact could conclude that defendant Wagner was deliberately indifferent to a serious

---

3. Defendants Toolan and Wagner contend in their statement of material facts that upon his initial medical intake, the plaintiff was placed on "Bottom Bunk" restriction. *See Doc. 35* at ¶9. The defendants base this contention on excerpts from the plaintiff's medical records. Again, however, the defendants have not authenticated those records or presented an affidavit or declaration from anyone interpreting those records. Moreover, it is not clear whether the medical records indicate that the plaintiff was placed on bottom bunk status at the Dauphin County Prison or that he had been placed on bottom bunk status previously while at the Cumberland County Prison.

12

medical need of the plaintiff, it will be recommended that summary judgment be granted in favor of defendant Wagner.

Defendant Toolan contends that he is entitled to summary judgment because the plaintiff has failed to show that he was personally involved in denying medical care.

"Liability may not be imposed under § 1983 on the principle of *respondeat superior.*" *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995). Liability under 42 U.S.C. § 1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). The plaintiff must establish the involvement of the defendant in the conduct which caused a violation of the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A 42 U.S.C. § 1983 action against a state supervisory official requires evidence that the defendant actually participated in or had actual knowledge of and acquiesced in the events forming the basis of the claim(s). *Egan v. Concini*, 585 F. Supp. 801, 804 (M.D. Pa. 1984).

The plaintiff testified at his deposition that he sent numerous request slips to the prison's medical department. *Doc. 34* at 112. However, the plaintiff has not presented evidence that those request slips were addressed to defendant Toolan or that defendant Toolan was aware of the request slips. Accordingly, the plaintiff has not presented evidence from which a reasonable trier of fact could conclude that defendant Toolan actually participated in or had actual knowledge of and acquiesced in the events forming the basis of the plaintiff's claims.

Even assuming *arguendo* that the plaintiff has presented evidence from which a reasonable trier of fact could conclude defendant Toolan was personally involved and that the plaintiff had a serious medical need, given the short period of the plaintiff's incarceration and the fact that the plaintiff was seen by defendant Wagner on May 8, 2006, the plaintiff has not presented evidence from which a reasonable trier of fact could conclude that defendant Toolan was deliberately indifferent to a serious medical need on the part of the plaintiff. Accordingly, it will be recommended that summary judgment be granted in favor of defendant Toolan.

B. Defendant DeRose's Motion for Summary Judgment.

Defendant DeRose contends that the plaintiff failed to exhaust available administrative remedies.

> 42 U.S.C. § 1997e(a), provides:
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Pursuant to § 1997e(a), the exhaustion of available administrative remedies is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner must "exhaust all available administrative remedies" regardless of whether the administrative process may provide the prisoner with the relief that he is seeking. *Nyhuis v. Reno*, 204 F.3d 65, 75 (3d Cir. 2000). "[C]ompliance with the administrative remedy scheme will be satisfactory if it is substantial." *Id.* at 77. Failure to exhaust available administrative remedies is an affirmative

15

defense. *Jones v. Bock,* 549 U.S. 199, 216 (2007). As an affirmative defense, the failure to exhaust available administrative remedies must be pleaded and proven by the defendants. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

The grievance process at the Dauphin County Prison involves four steps. *DeRose Affidavit (doc. 40-3)* at ¶7. The first step is the submission of a grievance to the Warden for review and consideration. *Id.* The second step is an appeal of the Warden's decision to the Chairman of the Dauphin County Prison Board of Inspectors. *Id.* The third step is an appeal of the Chairman's decision to the full Dauphin County Prison Board of Inspectors. *Id.* The fourth step is an appeal of the Prison Board's decision to the Dauphin County Solicitor. *Id.*

Defendant DeRose contends that a review of the plaintiff's file reveals that the plaintiff did not submit any grievances, inmate request forms, statements or other writings to staff about the allegations contained in the complaint. *DeRose Affidavit (doc. 40-3)* at ¶8. The plaintiff, however, testified at his deposition that he submitted two grievances to the attention of the Warden. *Doc. 34* at 88 & 102-104. Thus,

16

there is a genuine factual dispute about whether the plaintiff submitted any grievances.

Defendant DeRose argues that even if the plaintiff submitted grievances, the plaintiff admitted at his deposition that he did not attempt to follow up on any grievances that he allegedly submitted and that, therefore, the plaintiff did not exhaust administrative remedies. The plaintiff, however, testified that he did not receive a response to his grievances. *Doc. 34* at 104. Defendant DeRose has not established what, if any, administrative procedure a prisoner could use to "follow up" when he does not receive a response to his grievances. Accordingly, we conclude that defendant DeRose has not established that the plaintiff failed to exhaust available administrative remedies. Therefore, defendant DeRose is not entitled to summary judgment on the basis of the plaintiff's failure to exhaust administrative remedies.

Defendant DeRose contends that he is entitled to summary judgment because the plaintiff has not presented evidence that he was personally involved in the alleged denial of medical treatment. As indicated above, the plaintiff testified the he submitted grievances about his medical care to

17

defendant DeRose.  Given that evidence, we conclude that defendant DeRose is not entitled to summary judgment on the basis of a lack of personal involvement.

Although we conclude that defendant DeRose is not entitled to summary judgment on the basis of the plaintiff's failure to exhaust administrative remedies or on the basis of a lack of personal involvement, we conclude that defendant DeRose is entitled to summary judgment on the merits of the plaintiff's Eighth Amendment claim.

As indicate above, we have concluded that the plaintiff has not presented evidence from which a reasonable trier of fact could conclude that he suffered a serious medical need or that the medical defendants were deliberately indifferent to any serious medical need on the part of the plaintiff.  Given the short period of time the plaintiff was incarcerated and the fact that the plaintiff was seen by defendant Wagner on May 8, 2006, we similarly conclude that plaintiff has not presented evidence from which a reasonable trier of fact could conclude that defendant DeRose was deliberately indifferent to any serious medical need on the part of the plaintiff.

Accordingly, it will be recommended that summary judgment be granted in favor of defendant DeRose.

V. Recommendations.

Based on the foregoing, it is recommended that the defendants' motions (docs. 34 & 37) for summary judgment be granted, that judgment be entered in favor of the defendants and that the case file be closed.

                                        /s/ J. Andrew Smyser
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated: July 31, 2009.