IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ARTIE J. ALLEN, | : | CIVIL ACTION NO. 1:07-CV-1720 |
|---|---|---|
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| WARDEN OF DAUPHIN COUNTY JAIL, MEDICAL SUPERVISOR OF DAUPHIN COUNTY PRISON, and DOCTOR DREW WAGNER, | : | |
| Defendants | : | |

**ORDER**

AND NOW, this 25th day of November, 2009, upon consideration of the report of the magistrate judge (Doc. 45), to which plaintiff filed objections (Doc. 49), recommending that defendants' motions (Docs. 34, 37) for summary judgment be granted pursuant to Federal Rule of Civil Procedure 56(c), and, following an independent review of the record, it appearing that plaintiff has offered insufficient evidence to support his claim that defendants violated his Eighth Amendment right to adequate medical care,[1] or that prison officials improperly denied him "bottom

---

[1] As the report of the magistrate judge thoroughly explains, to state a cognizable claim for denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." See Estelle v. Gamble, 429 U.S. 97, 106 (1976); (see also Doc. 45 at 8-12). A serious medical need "must be one that has been diagnosed by a doctor as requiring treatment or one that is so obvious that a lay person would easily recognize the need for a doctor's attention." See Colburn v. Upper Darby Twp., 946 F.2d 1017, 1023 (3d Cir. 1991). Plaintiff claims that prior to his incarceration at Dauphin County Jail, he had been injured in a beating and suffered a herniated disc in his neck as a result. Plaintiff fails to demonstrate through pleadings, discovery, or affidavits, however, that he presented any symptoms of a herniated disc

bunk status" during during his twelve-day incarceration at Dauphin County Jail,[2] it

---

condition—*i.e.*, that he presented serious medical needs—or that prison officials ignored his medical needs. To the contrary, in his deposition, plaintiff states that he did not inform the medical staff at Dauphin County Jail that he was experiencing any pain in his neck, but only complained of pain in his left shoulder. Plaintiff concedes that medical staff promptly examined his shoulder. (See id. at 53, 60.) The first time that plaintiff was diagnosed with a possible herniated disk in his neck was following his release from Dauphin County Jail, when he was seen by a doctor at Harrisburg Hospital. (See id. at 66.) The doctor suggested that the pain plaintiff was experiencing was "probably caused by a herniated disk in his neck, and that he should seek the opinion of a specialist." (See id.) Plaintiff did not see a specialist following the doctor's assessment. (See id. at 68.) Additionally, plaintiff is not currently taking any pain medication to treat his alleged injury, nor has he requested any pain medication from his current place of incarceration. (See id. at 69, 70-73, 77, 93-94.) The evidence simply belies plaintiff's assertion that his need was serious; he did not complain of neck problems during his twelve-day incarceration, nor has he treated the condition since his departure from Dauphin County Jail.

Even if plaintiff had demonstrated a serious medical need, however, he has not shown that defendants acted with deliberate indifference to that need. Deliberate indifference may be shown only where prison officials have actual knowledge of the need for treatment, yet intentionally refuse to provide any appropriate care. See Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). It is undisputed that plaintiff was examined by medical staff on two occasions during his twelve-day incarceration. (See Doc. 34, Ex. A at 81.) He was scheduled to see a physician for a third time in twelve days, but was foreclosed from doing so when the jail was unexpectedly placed on "lockdown" status. (See id. at 92.) The fact that medical staff were unable to see plaintiff a third time while they dealt with a "lockdown" situation does not rise to the level of cruel and unusual punishment. See Bell v. Wolfish, 441 U.S. 520, 546-548 (1979) (explaining that prison officials must be given leeway to make decisions to ensure safety and security within the prison). There is no evidence suggesting medical staff or the warden intentionally delayed plaintiff's care. Therefore, it simply cannot be said that defendants were deliberately indifferent to plaintiff's medical needs.

is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 45) is ADOPTED, and defendants' motions for summary judgment (Docs. 34, 37) are GRANTED.

2. The Clerk of Court is directed to enter JUDGMENT for defendants and against plaintiff with respect to all claims.

3. The Clerk of Court is directed to CLOSE this case.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

---

[2] Based on the slim record presented in this case, which consists of but one deposition, it is unclear whether or not plaintiff was actually denied "bottom bunk status" after requesting it. Taking the facts in the light most favorable to plaintiff, however, the court will assume that plaintiff was not assigned a bottom bunk during his twelve-day incarceration. This fact is inconsequential because plaintiff still fails to demonstrate that his medical condition required provision of a bottom bunk or that the jail's denial was motivated by deliberate indifference. See White 897 F.2d at 108-109; (see also Doc. 45 at 12-13).